UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
                                 :

HUMAN SERVICES COUNCIL OF NEW YORK,   :
                                 :

                      Plaintiff,     :      **ANSWER**

  -against-                          :      No. 21-CV-11149 (PGG)

The CITY OF NEW YORK,            :
                                 :

                    Defendant.    :
                                 :

-----------------------------------------------------------------------X

     Defendant, the City of New York (the "City") by its undersigned attorney, GEORGIA M. PESTANA, Corporation Counsel of the City of New York, answers the Complaint of Plaintiff Human Services Council of New York ("HSC" or "Plaintiff"), dated December 29, 2021 (the "Complaint"), as follows:

     1.     Denies the allegations set forth in Paragraph "1" of the Complaint, except admits that this lawsuit challenges New York City Local Law 87 of 2021 (the "Local Law"), and states that the Local Law was signed into law by then-Mayor Bill de Blasio on or about August 18, 2021 after being passed by the New York City Council on July 29, 2021.

     2.     Denies the allegations set forth in Paragraph "2" of the Complaint, except respectfully refers the Court to the Complaint for a description of the relief sought therein.

     3.     Denies the allegations set forth in Paragraph "3" of the Complaint.

     4.     Denies the allegations set forth in Paragraph "4" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning Plaintiff HSC's views, advocacy and campaigns, and its reasons for opposing the Local Law.

1

5.     Denies the allegations set forth in Paragraph "5" of the Complaint, except admits that Local Law 87 became effective on November 16, 2021, and that it only applies to City contracts involving human services.

6.     Denies the allegations set forth in Paragraph "6" of the Complaint.

7.     Denies the allegations set forth in Paragraph "7" of the Complaint, except respectfully refers the Court to the press release referenced for its complete contents.

8.     Denies the allegations set forth in Paragraph "8" of the Complaint, except respectfully refers the Court to the press release referenced for its complete contents.

9.     Denies the allegations set forth in Paragraph "9" of the Complaint.

10.    Denies the allegations set forth in Paragraph "10" of the Complaint.

11.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "11" of the Complaint.

12.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "12" of the Complaint.

13.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "13" of the Complaint, except respectfully refers the Court to the documents referenced for their complete contents.

14.    Admits the allegations set forth in Paragraph "14" of the Complaint.

15.    Denies the allegations set forth in Paragraph "15" of the Complaint, except respectfully refers the Court to the referenced statutes for their complete contents.

16.    Denies the allegations set forth in Paragraph "16" of the Complaint, except respectfully refers the Court to 28 U.S.C. § 1346 for its complete contents.

17.     Denies the allegations set forth in Paragraph "17" of the Complaint, except respectfully refers the Court to 28 U.S.C. § 1391(a)(2) for its complete contents.

18.     Admits, upon information and belief, the allegations set forth in Paragraph "18" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the number of individuals served by nonprofit human services providers each year and the ability of such providers to react quickly to changing needs in their communities and engage in rapid response to ensure children and families have their needs met.

19.     Denies the allegations set forth in Paragraph "19" of the Complaint, except admits that the City contracts with human services providers for approximately $6 billion in services each year, that City procurements sometimes prescribe service rates and/or salaries and that with respect to some procurements, contractors' budgets are subject to City approval, and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning non-City funding sources for City contractors.

20.     Denies the allegations set forth in Paragraph "20" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning financial and cash flow status of the referenced non-profits or the referenced survey of HSC's members.

21.     Denies the allegations set forth in Paragraph "21" of the Complaint.

22.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "22" of the Complaint.

23.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph "23" of the Complaint.

24.     Denies the allegations set for the in Paragraph "24" of the Complaint, except admits that a version of Int. 2252-2021, which (after amendment) became Local Law 87 of 2021, was introduced by then-Speaker of the City Council Corey Johnson on April 22, 2021, and respectfully refers the Court to the press release referenced for its complete contents.

25.     Admits the allegations set forth in Paragraph "25" of the Complaint.

26.     Denies the allegations set forth in Paragraph "26" of the Complaint, except respectfully refers the Court to the quoted press release for its complete contents.

27.     Denies the allegations set forth in Paragraph "27" of the Complaint.

28.     Denies the allegations set forth in Paragraph "28" of the Complaint, except admits that the Local Law contains definitions and respectfully refers the Court to the Local Law for its complete contents.

29.     Denies the allegations set forth in Paragraph "29" of the Complaint, except respectfully refers the Court to the Local Law for its complete contents.

30.     Denies the allegations set forth in Paragraph "30" of the Complaint, except respectfully refers the Court to the Local Law for its complete contents.

31.     Denies the allegations set forth in Paragraph "31" of the Complaint, except respectfully refers the Court to the Local Law for its complete contents.

32.     Denies the allegations set forth in Paragraph "32" of the Complaint, except respectfully refers the Court to the Local Law for its complete contents.

33.     Denies the allegations set forth in Paragraph "33" of the Complaint, except admits that the City has not promulgated rules of regulations concerning Local Law 87, and respectfully refers the Court to the Local Law for its complete contents.

34.     Denies the allegations set forth in Paragraph "34" of the Complaint.

35.     Denies the allegations set forth in Paragraph "35" of the Complaint, except respectfully refers the Court to the Local Law for its complete contents.

36.     Denies the allegations set forth in Paragraph "36" of the Complaint, except respectfully refers the Court to the Local Law for its complete contents.

37.     Denies the allegations set forth in Paragraph "37" of the Complaint.

38.     Denies the allegations set forth in Paragraph "38" of the Complaint.

39.     Denies the allegations set forth in Paragraph "39" of the Complaint.

40.     Denies the allegations set forth in Paragraph "40" of the Complaint.

41.     Denies the allegations set forth in Paragraph "41" of the Complaint.

42.     Denies the allegations set forth in Paragraph "42" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the composition of HSC's membership and the work conducted by the employees of HSC member organizations.

43.     Denies the allegations set forth in Paragraph "43" of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning the composition of HSC's membership or the services performed by its member organizations.

44.     Denies the allegations set forth in Paragraph "44" of the Complaint, except admits that human services contracts are sometimes registered with the City Comptroller after the contract start date.

45.     Denies the allegations set forth in Paragraph "45" of the Complaint, except admits that the City has not promulgated rules concerning Local Law 87.

46.     Denies the allegations set forth in Paragraph "46" of the Complaint; except admits that the City has included a Rider entitled "Rider To City Service Contracts Pursuant To NYC

Admin. Code § 6-145 Labor Peace Agreements For Human Services Contracts," in covered human services procurements issued after the Law took effect and respectfully refers the Court to the Rider for its contents; and denies knowledge or information sufficient to form a belief as to the truth of the allegations concerning some contractors' refusal to sign contracts that incorporate the Rider, the grounds for any such refusal, and whether any contractors refusing to sign such contracts are members of HSC.

47.    In response to the allegations set forth in Paragraph "47" of the Complaint, repeats and realleges its responses to the allegations set forth in Paragraphs "1" through "46" with the same force and effect as if fully set forth herein.

48.    Denies the allegations set forth in Paragraph "48" of the Complaint.

49.    Denies the allegations set forth in Paragraph "49" of the Complaint.

50.    Denies the allegations set forth in Paragraph "50" of the Complaint.

51.    Denies the allegations set forth in Paragraph "51" of the Complaint.

52.    In response to the allegations set forth in Paragraph "52" of the Complaint, repeats and realleges its responses to the allegations set forth in Paragraphs "1" through "51" with the same force and effect as if fully set forth herein.

53.    Denies the allegations set forth in Paragraph "53" of the Complaint, except respectfully refers the Court to the United States Constitution and the National Labor Relations Act for their complete contents.

54.    Denies the allegations set forth in Paragraph "54" of the Complaint.

55.    Denies the allegations set forth in Paragraph "55" of the Complaint.

56.     In response to the allegations set forth in Paragraph "56" of the Complaint, repeats and realleges its responses to the allegations set forth in Paragraphs "1" through "55" with the same force and effect as if fully set forth herein.

57.     Denies the allegations set forth in Paragraph "57" of the Complaint, except respectfully refers the Court to the United States Constitution and 42 U.S.C. § 1983 for their complete contents.

58.     Denies the allegations set forth in Paragraph "58" of the Complaint.

59.     Denies the allegations set forth in Paragraph "59" of the Complaint.

60.     Denies the allegations set forth in Paragraph "60" of the Complaint.

61.     In response to the allegations set forth in Paragraph "61" of the Complaint, repeats and realleges its responses to the allegations set forth in Paragraphs "1" through "60" with the same force and effect as if fully set forth herein.

62.     Denies the allegations set forth in Paragraph "62" of the Complaint, except respectfully refers the Court to the United States Constitution and 42 U.S.C. § 1983 for their complete contents.

63.     Denies the allegations set forth in Paragraph "63" of the Complaint.

64.     Denies the allegations set forth in Paragraph "64" of the Complaint.

65.     Denies the allegations set forth in Paragraph "65" of the Complaint.

66.     In response to the allegations set forth in Paragraph "66" of the Complaint, repeats and realleges its responses to the allegations set forth in Paragraphs "1" through "65" with the same force and effect as if fully set forth herein.

67.     Denies the allegations set forth in Paragraph "67" of the Complaint.

## AS AND FOR A FIRST DEFENSE

68.     The Complaint fails to state a cause of action upon which relief may be granted.

**AS AND FOR A SECOND DEFENSE**

69.     This Court lacks subject-matter jurisdiction on the ground that the causes of action asserted are not ripe for review by the Court.

**AS AND FOR A THIRD DEFENSE**

70.     The Court lacks subject-matter jurisdiction on the ground that Plaintiff lacks standing to maintain this action against Defendant.

**AS AND FOR A FOURTH DEFENSE**

71.     The City has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution and laws of the United States.

**AS AND FOR A FIFTH DEFENSE**

72.     The City has not violated any rights, privileges or immunities secured to Plaintiff by the Constitution and laws of the State of New York or the City Charter and laws of the City of New York.

**AS AND FOR A SIXTH DEFENSE**

73.     The Local Law (a) was enacted pursuant to the City of New York's police power to protect the public welfare, and (b) is constitutional, valid, and enforceable in all respects.

**AS AND FOR A SEVENTH DEFENSE**

74.     At all times relevant to the acts alleged in the Complaint, the City's conduct was reasonable, proper, lawful, constitutional, and made in good faith, without malice, and/or without willful intent to violate any applicable law, rule, or regulation.

**AS AND FOR AN EIGHTH DEFENSE**

75.     This Court should decline supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. 1367(c).

**WHEREFORE**, Defendant City of New York demands judgment against Plaintiff dismissing the Complaint, and awarding such other and further relief as this Court deems just and proper.

Dated:  February 11, 2022
        New York, New York

**GEORGIA M. PESTANA**
Corporation Counsel of the City of New York
*Attorney for Defendant City of New York*
100 Church Street
New York, New York 10007
(212) 356-2538
rakane@law.nyc.gov
madler@law.nyc.gov


*/s Rachel B. Kane*
Rachel B. Kane
Michael S. Adler
Assistant Corporation Counsel