## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HUMAN SERVICES COUNCIL OF NEW YORK, | |
| Plaintiff, | Case No. 1:21-cv-11149-PGG |
| v. | Judge Paul G. Gardephe |
| THE CITY OF NEW YORK, | **DECLARATION OF CAITLIN KEKACS IN SUPPORT OF MOTION TO INTERVENE** |
| Defendant. | |

I, Caitlin Kekacs, pursuant to the provisions of 28 U.S.C. § 1746, declare as follows:

1.      I am an attorney duly admitted to practice before the Courts of the State of New York, a member of the bar of this Court, a member of the law firm Bredhoff & Kaiser, PLLC, and counsel for District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO ("DC 37"), in the above-captioned matter.

2.      I make this Declaration in support of DC 37's motion to intervene.

3.      Attached as Exhibit A is a true and correct copy of DC 37's Proposed Answer to the Complaint.


I declare under penalty of perjury that the foregoing is true and correct.


Executed on February 23, 2022
Washington, DC

/s/  Caitlin Kekacs
Caitlin Kekacs
BREDHOFF & KAISER, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, DC 20005
Phone: 202-842-2600
Fax: 202-842-1888
ckekacs@bredhoff.com

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HUMAN SERVICES COUNCIL OF NEW YORK, | |
| Plaintiff, | Case No. 1:21-cv-11149-PGG |
| v. | Judge Paul G. Gardephe |
| THE CITY OF NEW YORK, | **[PROPOSED] ANSWER OF INTERVENOR-DEFENDANT DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO** |
| Defendant | |
| and | |
| DISTRICT COUNCIL 37, AMERICAN FEDERATION OF STATE, COUNTY AND MUNICIPAL EMPLOYEES, AFL-CIO, | |
| Intervenor-Defendant. | |

Intervenor District Council 37, American Federation of State, County and Municipal Employees, AFL-CIO ("Intervenor"), by and through its attorneys, answers the numbered paragraphs of the Plaintiff's Complaint as follows:

Except as specifically admitted below, Intervenor denies each and every allegation of Plaintiff's Complaint, including headers and the wherefore clause seeking relief.

I.     **The Intervenor and Background**

1.      Intervenor is one of the largest labor unions in New York City. It represents approximately 150,000 employees across 62 local unions affiliated with Intervenor. Intervenor is the direct collective-bargaining representative for the overwhelming number of bargaining units represented by it, and jointly represents the remainder of those bargaining units with its affiliated local unions. And Intervenor, in turn, is affiliated with the American Federation of State, County and Municipal Employees ("AFSCME").

2.     In 2019, Intervenor unified with a previously separate AFSCME affiliate, District Council 1707. Since that unification, Intervenor has represented roughly 25,000 employees who work in the private sector for non-profit organizations that provide human services. Many of those employees work for employers that contract with the Defendant City of New York ("City") to provide human services to City residents. Those employees work as early childhood education teachers, Head Start teachers, social workers, home health aides, and nonprofessional employees supporting the delivery of human services, to name only a few of the occupations pursued by employees represented by Intervenor in the human services sector.

3.     Intervenor actively seeks out opportunities to organize additional human services employees into the Union. As recently as October 2021, for example, Intervenor was recognized as the collective-bargaining representative of over 250 employees working for an organization that provides services to the City's homeless population.

4.     In Intervenor's capacity as the collective-bargaining representative for human services professionals, it or its predecessor organizations have entered into collective-bargaining agreements with non-profit organizations that include provisions prohibiting Intervenor and the employees it represents from striking during the term of the agreement and prohibiting the employer from locking out its employees during the term of the agreement. Indeed, approximately *all* of Intervenor's collective-bargaining agreements contain such a prohibition on strikes and lockouts. Instead, approximately all of those collective-bargaining agreements provide for the resolution of disputes culminating, if necessary, in binding arbitration.

5.     Intervenor also seeks to enter into agreements with non-profit human services employers that similarly prohibit strikes, lockouts, and other behavior that would disrupt the delivery of human services during a period in which Intervenor is seeking to organize the

employer's employees into a union, before it has been recognized as their collective-bargaining representative. Indeed, Intervenor executed such agreements as recently as October 2021 and February 2022. And it is aware of other such agreements executed between unions and private employers.

6.     Intervenor executes and seeks out agreements that prohibit disruptive labor-relations tactics, such as strikes or lockouts, because it believes that such agreements largely serve the interests of the professionals it represents or seeks to represent in undertaking union activity without fear of disruptions that might interrupt their delivery of essential services, negatively affect their careers, and adversely impact the often-vulnerable clients that those professionals have devoted their careers to serving. Indeed, Intervenor has first-hand knowledge of the potential for disruptive labor disputes within the human-services sector that such agreements seek to prevent.

7.     For that reason, Intervenor advocated for the passage of Local Law 87. And Intervenor plans to devote addition resources in the future to negotiating the sorts of agreements that Local Law 87 requires the City's human services contractors to attempt to negotiate with unions, like Intervenor, that represent or seek to represent employees rendering human services under a City contract.

8.     On February 4, 2022, the City issued guidance as to its interpretation of the effective date of Local Law 87. In that same document, the City committed to issuing further guidance regarding its interpretation of the contract terms that the City expects to use to implement that ordinance.

II.    <u>**Responses to Numbered Allegations of Plaintiff's Complaint**</u>

1.    Admitted that Plaintiff's Complaint challenges New York City Local Law 87, which became law after the New York City Council passed it and then-Mayor Bill de Blasio signed it.  Except as otherwise stated, the remainder of the allegations in this paragraph 1 are denied.

2.    This paragraph 2 states the nature of Plaintiff's claim for relief, to which no response is required. To the extent a response is required, the allegations of this paragraph are denied.

3.    Denied.

4.    Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first, second, third, and fourth sentences of this paragraph 4, which are denied on that basis. Except as otherwise stated, the remainder of the allegations in this paragraph 4 are denied.

5.    Admitted that Local Law 87 became effective on November 16, 2021, and only applies to City contracts involving human services. Intervenor lacks knowledge or information sufficient to form a belief about Plaintiff's members and, on that basis, denies the characterization of those members alleged in this paragraph 5. Except as otherwise stated, the remainder of the allegations in this paragraph 5 are denied.

6.    Denied.

7.    The allegations in the first sentence of this paragraph 7 are denied. The allegations in the second sentence of this paragraph 7 purport to summarize and quote Intervenor's press release on its website—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that document.

8.      The allegations in the first sentence of this paragraph 8 are denied. The allegations in the second sentence of this paragraph 8 purport to summarize and quote Intervenor's press release on its website—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that document.

9.      Denied.

10.     The allegations in the first, second, and third sentences of this paragraph 10 purport to summarize, quote, or interpret at least a portion of Section 7 of the National Labor Relations Act and N.Y.C. Administrative Code § 6-145—which speak for themselves—and those allegations are denied to the extent that they are incomplete, inconsistent with the statutes, or consist of legal conclusions. To the extent further response is necessary, the allegations in this paragraph 10 are denied.

**The Parties**

11.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph 11, which are denied on that basis.

12.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph 12, which are denied on that basis.

13.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of this paragraph 13, which are denied on that basis. The allegations in the remainder of the paragraph 13 purport to summarize and quote certain websites and reports—which speak for themselves—and those allegations are denied to the extent they are inconsistent with those documents. Except as otherwise stated, the allegations in this paragraph 13 are denied.

14.     Admitted.

## **Jurisdiction and Venue**

15.     This paragraph 15 states the nature of Plaintiff's claims for relief and conclusions of law, to which no response is required. To the extent a response is required, the allegations in this paragraph 15 are denied.

16.     This paragraph 16 states Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, the allegations in this paragraph 16 are denied.

17.     This paragraph 17 states Plaintiff's conclusions of law, to which no response is required. To the extent a response is required, the allegations in this paragraph 17 are denied.

## **Background Alleged by Plaintiff**

18.     Admitted that the City contracts with certain nonprofit human services providers to provide essential services to City residents. Except as otherwise stated, Intervenor lacks knowledge or information sufficient to form a belief about the truth of the remaining allegations in this paragraph 18, which are denied on that basis.

19.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph 19, which are denied on that basis.

20.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph 20, which are denied on that basis.

21.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph 21, which are denied on that basis.

22.     Admitted that Intervenor and 1199SEIU represent the workers of certain nonprofit organizations as collective bargaining representatives. Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first sentence of

6

this paragraph 22, which are denied on that basis. Except as otherwise stated, the allegations in this paragraph 22 are denied.

23.     Admitted.

24.     Admitted that then-Speaker of the New York City Council Corey Johnson introduced Int. 2252-2021 on April 22, 2021, which (after amendment) ultimately became Local Law 87. The allegations in the second and third sentences of this paragraph 24 purport to summarize and quote Intervenor's press release on its website—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that document. Except as otherwise stated, the allegations in this paragraph 24 are denied.

25.     Admitted.

26.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in in the first sentence of this paragraph 26, which are denied on that basis. The allegations in the remainder of this paragraph 26 purport to summarize and quote Intervenor's press release on its website—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that document.

27.     Denied.

28.     The allegations in this paragraph 28 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 28 are denied.

29.     The allegations in this paragraph 29 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are

denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 29 are denied.

30.     The allegations in this paragraph 30 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 30 are denied.

31.     The allegations in this paragraph 31 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 31 are denied.

32.     The allegations in this paragraph 32 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 32 are denied.

33.     The allegations in the first and second sentences of this paragraph 33 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. On February 4, 2022, Defendant City of New York issued FAQs regarding the effective date of Local Law 87; as to more formal rules or regulations, the allegations in the final sentence of this paragraph 33 are admitted. Except as otherwise stated, the allegations in this paragraph 33 are denied.

34.     Denied.

35. The allegations in this paragraph 35 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 35 are denied.

36. The allegations in this paragraph 36 purport to summarize, quote, or interpret the text of N.Y.C. Administrative Code § 6-145—which speaks for itself—and those allegations are denied to the extent they are inconsistent with that statute or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 36 are denied.

37. The allegations in this paragraph 37 consist of unfounded speculation about the potential future operation of Local Law 87 and are denied.

38. Admitted that labor unions may submit to the comptroller a verified complaint in writing that a covered employer or other individual has not complied with the requirements of N.Y.C. Administrative Code § 6-145. Except as otherwise stated, the allegations in this paragraph 38 are denied.

39. The allegations in this paragraph 39 consist of unfounded speculation about the potential future operation of Local Law 87 and are denied.

40. Denied.

41. The allegations in the first, second, and third sentences of this paragraph 41 purport to summarize, quote, or interpret at least a portion of Section 7 of the National Labor Relations Act and N.Y.C. Administrative Code § 6-145—which speak for themselves—and those allegations are denied to the extent that they are incomplete, inconsistent with the statute, or consist of conclusions of law. To the extent further response is necessary, the allegations in this paragraph 41 are denied.

42.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in in the second, third, and fourth sentences of this paragraph 42, which are denied on that basis. Except as otherwise stated, the remaining allegations in this paragraph 42 are denied.

43.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in in the first sentence of this paragraph 43, which are denied on that basis. Except as otherwise stated, the remaining allegations in this paragraph 43 are denied.

44.     Denied.

45.     The allegations in the first sentence of this paragraph 45 are admitted. As to the allegations in the second sentence, the Defendant City has issued FAQs on the effective date of Local Law 87; admitted that the Mayor has not issued rules through the City Administrative Procedure Act. The allegations in the remainder of this paragraph 45 are denied.

46.     Intervenor lacks knowledge or information sufficient to form a belief about the truth of the allegations in this paragraph 46, which are denied on that basis.

### Claims for Relief

### First Claim

47.     This paragraph 47 merely repeats and realleges the allegations of the preceding paragraphs and thus no response is required. To the extent a response is required, Intervenor repeats its responses to the preceding paragraphs.

48.     Denied.

49.     Denied.

50.     Denied.

51.     Denied.

## Second Claim

52.     This paragraph 52 merely repeats and realleges the allegations of the preceding paragraphs and thus no response is required. To the extent a response is required, Intervenor repeats its responses to the preceding paragraphs.

53.     This paragraph 53 states Plaintiff's legal conclusions to which no response is required.

54.     Denied.

55.     Denied.

## Third Claim

56.     This paragraph 56 merely repeats and realleges the allegations of the preceding paragraphs and thus no response is required. To the extent a response is required, Intervenor repeats its responses to the preceding paragraphs.

57.     This paragraph 57 states legal conclusions to which no response is required

58.     Denied.

59.     Denied.

60.     Denied.

## Fourth Claim

61.     This paragraph 61 merely repeats and realleges the allegations of the preceding paragraphs and thus no response is required. To the extent a response is required, Intervenor repeats its responses to the preceding paragraphs.

62.     This paragraph 62 states legal conclusions to which no response is required.

63.     Denied.

64.     Denied.

65.     Denied.

### Fifth Claim

66.     This paragraph 66 merely repeats and realleges the allegations of the preceding paragraphs and thus no response is required. To the extent a response is required, Intervenor repeats its responses to the preceding paragraphs.

67.     Denied.

### First Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

Plaintiff lacks standing to assert the claims alleged in the Complaint.

### Third Affirmative Defense

The claims alleged in the Complaint are not ripe for adjudication.


Dated: February 23, 2022

/s/ Caitlin Kekacs
Caitlin Kekacs (Bar No. 4999926)
Richard F. Griffin, Jr.*
Leon Dayan*
Joshua A. Segal*
BREDHOFF & KAISER, P.L.L.C.
805 15th Street NW, Suite 1000
Washington, DC 20005
Phone: 202-842-2600
Fax: 202-842-1888
ckekacs@bredhoff.com
rgriffin@bredhoff.com
ldayan@bredhoff.com
jsegal@bredhoff.com

Robin I. Roach (RR1809)
General Counsel
District Council 37, AFSCME, AFL-CIO

125 Barclay Street
New York, New York 10007
(212) 815-1450
rroach@dc37.net

*Counsel for Intervenor District Council 37,
AFSCME, AFL-CIO*

*Application for *Pro Hac Vice* Admission Pending